UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MIAMEEN A. MUQBILL<br>F/K/A MIAMIN ABDULHAMID,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONSTAR MORTGAGE, LLC,<br><br>Defendant. | CIVIL ACTION FILE<br>NUMBER: 1:14-02406-ODE |

**PLAINTIFF MIAMEEN A. MUQBILL'S BRIEF IN SUPPORT OF RESPONSE TO DEFENDANT NATIONSTAR MORTGAGE LLC'S MOTION TO DISMISS**

Comes now, Plaintiff Miameen A. Muqbill, (hereinafter "Muqbill") and hereby responds to Defendant Nationstar Mortgage LLC's (hereinafter "Nationstar") Motion to Dismiss and Brief in Support as follows:

I.  **INTRODUCTION**

Plaintiff Muqbill filed the initial Complaint in this action in the Superior Court of DeKalb County, asserting four claims arising from conduct by Defendant related to the mortgage and security deed on her home. Through no fault of Muqbill, this conduct eventually culminated in a foreclosure sale being held, the property being sold to a third party, and Muqbill having to defend a disposseory action, despite

Page 1

Muqbill being current on payments, and despite representations that the foreclosure sale would be halted. Defendant removed the action to this Honorable Court, and its first responsive pleading was filed as a Motion to Dismiss all claims brought by Muqbill. As shown below, Muqbill's Complaint is plead with sufficient particularity to place Defendant on notice of the claims against it, and alleges all necessary facts in order to survive a Motion to Dismiss, which should be used sparingly by the Courts. *Advance Health-Care Services Inc. v. Radford Community Hospital*, 910 F.2d 139.

II. **ARGUMENT AND CITATION TO AUTHORITY**

A. **Motion to Dismiss Standard**

A Rule 12(b)(6) motion to dismiss may be granted only when a plaintiff fails to comply with notice pleading requirements. *See Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir. 1985). The FRCP 12(b)(6) motion is used to test the sufficiency of the complaint. *Petruska v. Gannon University*, 462 F.3d 294, 212 Ed.Law.Rep. 598 (3d Cir. 2006). The applicable standard is stated in FRCP 8(a)(2) which requires that a pleading setting forth a claim for relief contain a short and plain statement of the claim showing that the pleader is entitled to relief. Thus, a complaint must set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted.

It is true, as Defendant points out in its Brief in Support, that in order to withstand a motion to dismiss filed under FRCP 12(b)(6) a plaintiff must state factual allegations with greater particularity than that required by FRCP 8. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, (2007). However, in considering a FRCP 12(b)(6) motion to dismiss, the complaint is liberally construed and is viewed in the light most favorable to the plaintiff. *Id.* FRCP 12(b)(6) motions are looked on with disfavor by the courts, and are granted sparingly and with care; even if it is doubtful that the plaintiff would ultimately prevail, if the plaintiff colorably states facts which, if proven, would entitle him or her to relief, a motion to dismiss for failure to state a claim should not be granted. *Advance Health-Care Services Inc. v. Radford Community Hospital*, 910 F.2d 139, (quoting *Adams v. Bain*, 697 F.2d 1213, 1216 (4th Cir.1982)).

On a motion to dismiss, a federal court presumes that general allegations embrace those specific facts that are necessary to support the claim. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, (1998). In addition, the well-pleaded allegations of fact contained in the complaint and every inference fairly deducible therefrom are accepted as true for purposes of the motion, including facts alleged on information and belief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544; *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, (2007).

**B. Plaintiff has stated a sufficient claim for wrongful foreclosure.**

Defendant attempts to show that Muqbill's wrongful foreclosure claim is insufficient based on case law stating that when no foreclosure sale has occurred, a cause of action for wrongful foreclosure cannot stand *Austin v. Bank of Am., N.A.*, No. 1:11-CV-3346, 2012 WL 928732, at *1 (N.D. Ga. Mar. 16, 2012). However, in the case at hand, a foreclosure sale did in fact occur, and that sale resulted in damages to the Muqbill, even though the sale was later rescinded.

It is true that until a deed under power is transferred and consideration is passed, "the sale itself has not occurred; there is only a contract to buy and sell." *Tampa Inv. Group, Inc. v. Branch Banking and Trust Co., Inc.*, 290 Ga. 724 (2012). In this case however, Muqbill alleges that the foreclosure sale did occur, and title did transfer. (Pl. Compl. ¶ 28) This occurrence of the foreclosure sale is further evidenced by the fact that, as alleged in the Complaint, the entity who bought the property at the foreclosure sale filed a Dispossessory warrant in the Magistrate Court of DeKalb County, civil action file number: 14D-005237, seeking to remove Muqbill from the subject property. (Pl. Compl. ¶ 22). In fact, the entity that bought the property at the foreclosure sale sent a notice to Muqbill stating "Castle Atlanta Holding, LP, now owns the property described above *as the result of a foreclosure sale…*" (See Exhibit A)(emphasis added).

As a result of the wrongful foreclosure sale, Muqbill suffered damages. The case at hand varies from the various cases Defendant cites in support, because in each of those cases, there was no foreclosure sale at all. Defendant does not have any citation to support the argument that a rescission of a foreclosure sale negates the occurrence of said sale. All allegations in the complaint being taken as true for the purposes of this Motion, a foreclosure sale clearly occurred, and as such Muqbill has stated a more than sufficient claim for wrongful foreclosure. (Pl. Compl. ¶¶ 21-34). Therefore, Defendant's Motion to Dismiss should be denied as to the wrongful foreclosure claim.

**C. Plaintiff has stated a sufficient claim for fraudulent inducement.**

Muqbill's claim for fraudulent inducement is sufficient because all essential elements of the claim have been met and satisfactorily plead. (Pl. Compl. ¶¶ 35-42) Defendant wrongly alleges that Muqbill has failed to properly plead the justifiable reliance element of her claim; however, Muqbill did exercise due care in her justifiable reliance on the representations made to her, and the representations made to her were more than an expression of "opinion, hope, expectation, puffing, and the like". (Def. Brief in Supp., p. 7).

In order to be actionable, a party's reliance on the alleged fraud must be reasonable and justified; the issue of whether a party's reliance is reasonable and

justified is a question of fact to be determined by the fact finder. *Breckenridge Creste Apartments, Ltd. v. Citicorp Mortg., Inc.*, 826 F. Supp. 460 (N.D. Ga. 1993), aff'd, 21 F.3d 1126 (11th Cir. 1994). Generally, courts have found that the issue of ordinary or due diligence is a matter for the jury to decide except in plain and indisputable cases. *Ewers v. Ford Motor Co.*, 843 F.2d 1331 (11th Cir. 1988); *Gibson v. Home Folks Mobile Home Plaza, Inc.*, 533 F. Supp. 1211 (S.D. Ga. 1982). In this case, Muqbill did not blindly rely on an alleged oral statement, as argued by Defendant. In fact, the representation by Misty Tucker of McCurdy & Candler that $4,098.26 was necessary to bring the account current and stop the foreclosure was consistent with previous statements and letters received from Defendant as recently as January 21, 2014. (See Exhibit B). The offer to stop the foreclosure in exchange for the full amount owed is both reasonable and believable, and the justifiable reliance on that offer has been sufficiently plead. Even if Defendant insists that the justifiable reliance does not exist, as it alleges, this issue is a question for the trier of fact. *Breckenridge Creste Apartments, Ltd. v. Citicorp Mortg., Inc.* The requirement to plead with particularity does not require each fact relevant to each element of each claim to be stated in the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, (2007); *Advance Health-Care Services Inc. v. Radford Community Hospital*, 910

F.2d 139 (1982) As such, Defendant's Motion to Dismiss should be denied with regard to the claim for fraudulent inducement.

Defendant also attempts to argue that Muqbill's claim for fraudulent inducement must fail because the "alleged oral representation fails to satisfy the statute of fraud" [sic] (Def. Brief in Supp., p. 7). First and foremost, Muqbill never alleged that the representation made to her by Misty Tucker was made orally. Nowhere in the Complaint does Muqbill state that any action was based on an oral promise, and the notion that the representation was solely oral has been completely fabricated by the Defendant. Muqbill, in her complaint, states that she made a payment based on the representation from Misty Tucker that it would bring the account current and stop the foreclosure action. (Pl. Compl. ¶¶ 20, 37). This representation is also echoed in writing in the Mortgage Loan Statements sent to Muqbill. (See Exhibit B). In addition, Muqbill believes that adequate discovery will yield written confirmation that the bank wire in the amount of $4,098.26 would halt the foreclosure.

Even if only an oral representation was present, Muqbill's payment would constitute part performance under the contract, and as such would be an exception to the Statute of Frauds. *R.T. Patterson Funeral Home, Inc. v. Head*, 215 Ga. App. 578, (1994). The part performance required to form an exception to the Statute of

Frauds means part performance of the contract, and the exception applies when part performance shown must be consistent with the presence of a contract and inconsistent with the lack of a contract. *Id*. In this case, the performance was actually total performance on the part of Muqbill, and her conduct is consistent with the contract alleged (if not the only explanation for her payment). (Pl. Compl. ¶¶ 20, 27, 37, 39); (Exhibit B). Accordingly, Muqbill's claim does satisfy the statute of frauds, and Defendant's Motion to Dismiss should be denied with regard to the claim for fraudulent inducement.

**D. Plaintiff's claim for negligence per se based on O.C.G.A. § 23-2-114.**

With regards to the claim for negligence per se, Plaintiff intends to file an amendment to the complaint, said amendment modifying the original complaint by removing the negligence per se cause of action, and adding a claim for ordinary negligence.

**E. Plaintiff has stated a sufficient claim for willful and wanton misconduct.**

On the scale of degrees of fault, "willful and wanton misconduct" encompasses the area of culpability less than actual intent to do harm, and greater than conduct involving an unreasonable risk of injury in proportion to the nature of the activity involved. *Frye v. Pyron*, 51 Ga. App. 613 (1935). Willful and wanton misconduct can be said to be the intentional doing of a wrongful act with the

substantial certainty that injury of some nature will result. *Frye v. Pyron*, 51 Ga. App. 613 (1935); *Arrington v. Trammell*, 83 Ga. App. 107 (1950); *Strickland v. Doran*, 130 Ga. App. 396, (1973); *Bowen v. Waters*, 170 Ga. App. 65, 67 (1984). Defendant makes no argument regarding the allegations in the Complaint other than to say that the conduct does not meet the standard for willful and wanton misconduct. (Def. Brief in Supp., p. 10). However, for the purposes of this Motion to Dismiss, all allegations must be taken as true, and Plaintiff has sufficiently alleged both the intent to harm Muqbill, as well as the knowledge that an injury to Muqbill would result from its conduct. (Pl. Compl. ¶¶ 50-57). Accordingly, Defendant's Motion to Dismiss should be denied with regard to Plaintiff's claim for willful and wanton misconduct.

**F. Plaintiff is entitled to attorney's fees.**

> The expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them.

O.C.G.A. § 13-6-11. The Court of Appeals has interpreted this to mean that it is only necessary that plaintiff show any one of these three conditions to exist. *Altamaha Convalescent Center, Inc. v. Godwin*, 137 Ga. App. 394 (1976).

Furthermore, even where the court finds that there was no bad faith in the occurrence giving rise to the litigation, it can arise entirely in the defendant's conduct thereafter. *Delta Air Lines, Inc. v. Isaacs*, 141 Ga. App. 209, 212 (1977).

Defendant attempts to mistakenly characterize paragraph 22 of Plaintiff's Complaint as a request for attorney's fees under O.C.G.A. § 13-6-11. In reality, the mention of the fees incurred in the Magistrate Court action was placed in the statement of facts, and was in place to evidence damages to Muqbill attributed to Defendant's tortious conduct, as detailed in the various claims brought against Defendant. (Pl. Compl. ¶¶ 22, 39, 51).

Muqbill is however requesting attorney's fees related to this action pursuant to O.C.G.A. § 13-6-11, and is entitled to do so. (Pl. Compl. ¶¶ 33, 41, 48, 49, 56). Muqbill has alleged several instances of bad faith in failing to resolve the issues in this case and forcing litigation. (Pl. Compl. ¶¶ 33, 41, 48, 49, 56). In addition, the Georgia Supreme Court has held that every intentional tort contains an element of bad faith which entitles the wronged party to recover expenses of litigation, including attorney's fees. *Tyler v. Lincoln*, 272 Ga. 118 (2000). Defendant's statement that "because Plaintiff's underlying claims fail, her attorney's fees claim relating to the costs of bringing this litigation similarly fails" is simply a conclusory statement, and as shown above, has no merit. (Def. Brief in Supp., p. 11). In fact,

Defendant's placement of this issue in its Motion to Dismiss is misguided, as whether the claimant is entitled to an award of attorney's fees in accordance with O.C.G.A. § 13-6-11 is solely an issue for the jury to determine, and even slight evidence of bad faith can be enough to create an issue for the jury. *Covington Square Assoc. v. Ingles Markets*, 287 Ga. 445 (2010) (trial court is not authorized to grant summary judgment in favor of the claimant on the issue of attorney's fees); *Fertility Technology Resources, Inc. v. Lifetek Medical, Inc.*, 282 Ga. App. 148 (2006); *Lloyd's Syndicate No. 5820 v. AGCO Corp.*, 319 Ga. App. 260 (2012); *Kroger Co. v. Walters*, 319 Ga. App. 52 (2012). Accordingly, Defendant's Motion to Dismiss should be denied with regard to Plaintiff's claim for attorney's fees.

### G. Plaintiff is entitled to punitive damages.

Because, as evidenced above and outlined in the Complaint, Plaintiff has alleged and stated several substantive claims, Plaintiff is entitled to punitive damages arising out of those substantive claims. Whether a tort was sufficiently aggravating to authorize punitive damages is generally a jury question, and a jury may award punitive damages even where the clear and convincing evidence only creates an inference of the defendant's conscious indifference to the consequences of the defendant's acts. *Tookes v. Murray*, 297 Ga. App. 765 (2009). Accordingly,

Defendant's Motion to Dismiss should be denied with regard to Plaintiff's claims for punitive damages.

### III. CONCLUSION

For the reasons stated above, Plaintiff Miameen Muqbill respectfully requests that this Court deny Nationstar's Motion to Dismiss in its entirety.

Respectfully submitted this 18th day of August, 2014.

        **BARNES FIRM, LLP**

        /s/ Christopher S. Fairchild
        Christopher S. Fairchild
        Georgia Bar Number 212354
        chris@barnesattorneys.com
        Jeffrey M. Barnes
        Georgia Bar Number 142586
        jeff@barnesattorneys.com
        990 Hammond Drive, Suite 1150
        Atlanta, Georgia 30328
        404-236-5000    telephone
        678-824-8800    facsimile
        *Attorneys for Plaintiff*

# RULE 7.1(D) CERTIFICATE

The undersigned counsel hereby certifies that the foregoing has been prepared in accordance with one (1) of the font (Times New Roman) and point (14 pt) selections approved by the Court in Local Rule 5.1(B) and (C).

This 18th day of August, 2014.

                                      **BARNES FIRM LLP**

                                      /s/ Christopher S. Fairchild
                                      Christopher S. Fairchild
                                      Georgia Bar Number 212354
                                      chris@barnesattorneys.com
                                      Jeffrey M. Barnes
                                      Georgia Bar Number 142586
                                      jeff@barnesattorneys.com
                                      990 Hammond Drive, Suite 1150
                                      Atlanta, Georgia 30328
                                      404-236-5000    telephone
                                      678-824-8800    facsimile
                                      *Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MIAMEEN A. MUQBILL F/K/A MIAMIN ABDULHAMID, Plaintiff, vs. NATIONSTAR MORTGAGE, LLC, Defendant. | CIVIL ACTION FILE NUMBER: 1:14-02406-ODE |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the foregoing BRIEF IN SUPPORT OF RESPONSE TO DEFENDANT NATIONSTAR MORTGAGE LLC'S MOTION TO DISMISS upon opposing counsel, using the CM/ECF System, causing an electronic notification of said filing to be sent to the following attorneys of record:

Christopher S. Anulewicz
Geremy Gregory
Balch & Bingham LLP
30 Ivan Allen Jr. Blvd NW, Suite 700
Atlanta, Georgia 30308
canulewicz@balch.com; ggregory@balch.com

This 18th day of August, 2014.

**BARNES FIRM LLP**

/s/ Christopher S. Fairchild_____
Christopher S. Fairchild
Georgia Bar Number 212354
chris@barnesattorneys.com
Jeffrey M. Barnes
Georgia Bar Number 142586
jeff@barnesattorneys.com
990 Hammond Drive, Suite 1150
Atlanta, Georgia 30328
404-236-5000       telephone
678-824-8800       facsimile
*Attorneys for Plaintiff*